# Tidwell *v*. Western Union Tel. Co.

*Damage for Failure to Deliver Message.*

(Decided Jan. 20, 1910.  51 South. 934.)

1. *Telegraphs and Telephones; Delivery of Message; Obligation.*— A telegraph company is under obligation to use due diligence to ascertain the whereabouts of the addressee of a telegram as to whether he is in the free delivery limit of the terminal office, and in order to do so should inquire at his residence and place of business.

2. *Same.*—Where one's residence and office are within the free delivery limit of the terminal office, the mere fact that such one as sendee of the telegram is temporarily beyond the free delivery limit does not justify the agent of the telegraph company in relaxing diligence and making no further effort to deliver the message; where the company did not know of the absence of the sendee from the free delivery limit, it could not excuse delay in the delivery of the message where it made no effort to deliver to his residence,

[Tidwell v. Western Union Tel. ·Co.]

which was in the free delivery limit, nor to ascertain where the sendee was.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by L. M. Tidwell against the Western Union Telegraph Company for delay in the delivery of a telegram. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The following are the pleas demurred to: "(2) The defendant says that the alleged message sued on was in writing, written upon one side of the regular forms or blanks used by the defendant for that purpose, and immediately after the following words: 'Send the following message subject to the terms on the back thereof, which are hereby agreed to.' And defendant avers that on the back thereof, and as a part of the alleged contract of transmission and delivery, appears the following provision: 'Messages will be delivered free within the established free delivery limits of the terminal office. For a delivery at a greater distance a special charge will be made to cover the costs of such delivery.' And defendant avers that at the time said message was filed for transmission the defendant had an established free delivery limit at its terminal office at Maplesville, Ala., of, to wit, one-half a mile from office in said town, and that plaintiff was not within said delivery limit of said terminal office between the time said alleged message was filed for transmission and the time of the burial of plaintiff's relative, and defendant says that no special or additional charge was paid or agreed to be paid by plaintiff or his agent for the delivery of said message beyond said free delivery limit."  (4) Same as 2, down to and through the second quotation therein, with this addition: "And defendant avers that plaintiff was not at Maplesville on the day said message was

filed for transmission, or the day succeeeding, until after delivery thereof to him was effected, but during the period aforesaid was beyond the free delivery limit of said terminal office of Maplesville established at that time which were, to wit, one-half mile from the office of defendant, and defendant avers that no special additional charges or consideration was paid or tendered to defendant for delivery beyond said free delivery limit." The contents of the replication sufficiently appear in the opinion of the court.

TIPTON MULLINS, and LAVENDER & THOMPSON, for appellant.—The plea merely stated that the sendee was not at home at the time the message was received, and hence, it was insufficient.—*W. U. T. Co. v. Mitchell,* 91 Tex. 454. It is the duty of a telegraph company to use diligence to deliver a telegram although the sendee is away from his home or place of business, if by any reasonable efforts of the company he can be found, and this is a question for the jury.—*W. U. T. Co. v. Henderson,* 89 Ala. 510; *Same v. Emerson,* 49 South. 820; *Same v. Rowell,* 153 Ala. 295. See also in this connection 10 Am. St. Rep. 772; 82 Tex. 561; 6 Ind. App. 422; 9 Mo. App. 283; 56 Kan. 737; 15 L. R. A. 129; 9 L. R. A. 669; 117 N. C. 352; 5 A. & E. Ann. Cases, 735. Appeals may be taken on the record.—Sec. 3017, Code 1907.

CAMPBELL & JOHNSTON, for appellee. Each count is based on a duty to deliver or breach of a similar duty or agreement to transmit and deliver as distinguished from a mere failure or breach of duty to transmit. The duty or contract obligation with reference to transmission and with reference to delivery may be separate by plaintiff in his pleadings.—*W. U. T. Co. v. Emerson,*

[Tidwell v. Western Union Tel. Co.]

49 South. 320. Under the pleadings in this case, the special pleas were unquestionably not subject to any of the grounds of demurrer. The replications constituted a departure from the antecedent count.—*W. U. T. Co. v. Whitson,* 145 Ala. 426. On the merits, the replications were insufficient.—*Rowell's Case,* 153 Ala. 295; see also 131 Ala. 355. The telegraph company was under no duty to pursue a vain search for the sendee without the free delivery limit, after it ascertained that the sendee was without such limit.—*W. U. T. Co. v. Henderson,* 89 Ala. 510; 91 S. W. 757. The replications also failed to show that had he received the information, he 'could and would have 'attended his sister's burial.—*W. U. T. Co. v. McMorris,* 48 South. 349; 27 A. & E. Ency. of Law, 1076.

SIMPSON, J.—This is an action, by the appellant against the appellee, for negligence in the failure to deliver, within a reasonable time, a telegram sent by the agent of the plaintiff to him, informing him of the death of his sister. Said telegram was delivered to defendant's agent at Ridersville, Ala., on the 6th day of February, 1908, and addressed to the plaintiff, at Maplesville, Ala., and was not delivered to the plaintiff until 2 p. m. on February 7, 1908, at which time his sister had been buried; and he claims the cost of the telegram, also for mental anguish for being, by said delay, deprived of the consolation of attending the funeral of his sister. The defendant interposed two pleas, alleging that, at the time of the sending of said telegram and up to the time of delivery, the plainitff was not within the free delivery limits of said company, at Maplesville. Demurrers were interposed to said pleas, which were overruled; and the first assignments of error relate to the overruling of said demurrers to said pleas Nos. 2 and 4.

Said pleas do not allege that defendant knew of the absence of the plaintiff from the free delivery limits, nor that the defendant made any effort to deliver said telegram, or to ascertain where the plaintiff was, nor that the plaintiff did not have any place of business or any residence within the free delivery limits. The plaintiff also, after the demurrers to said pleas were overruled, filed replications to said pleas, alleging that said plaintiff had a residence at Maplesville, within the free delivery limits, that his wife was at said residence during the time in question, that she was in telegraphic communication with him, and that if the telegram had been delivered at his residence his wife would have repeated it to him in time for him to have attended the funeral of his sister. Demurrers were sustained to said replications. So the question for decision in this case is: What is the duty of a telegraph company when the sendee has a residence within the free delivery limits, but is, at the time, personally out of said free delivery limits?

The duty of the telegraph company is to use due diligence to ascertain whether the sendee is within the free delivery limits; and it has been frequently held that the most natural and reasonable way to ascertain that fact is to inquire at his place of business or his residence. It would seem, also, even if the agents of the company knew that the sendee is temporarily absent from his home, unless they know at the same time that his absence is at such a distance, or of such a nature, that an inquiry here could not result in the telegram's reaching him promptly, reasonable diligence would suggest that his home be visited, and his wife, or some other member of the family, if there, be informed that the telegram has been received. In his work on Electric Law, Mr. Joyce states that, "if the company is un-

[Tidwell v. Western Union Tel. Co.]

able to make a personal delivery, it is its duty to deliver the message at the store or residence of the sendee, at the place of destination," although, of course, if the sendee is within the free delivery limits, and cannot be found at his residence or place of business, it is still the duty of the messenger to make further efforts to find him.—Joyce on Elec. Law, § 743, and notes.

The mere fact that the sendee is temporarily beyond the free delivery limits, when his residence and family are within the said limits, will not justify the agents of the company to relax their diligence and make no further effort to deliver the telegram. The company cannot shield itself behind a technical defense, when the circumstances are such as to suggest to any reasonable mind a feasable way to reach the sendee, without imposing any greater labor on the agents of the company than would have been required to deliver the message if the defendant had been within the free delivery limits.

The court erred in overruling the demurrer to the defendant's pleas Nos. 2 and 4, and in sustaining the demurrers to the replications.

The judgment of the court is reversed, the nonsuit set aside, and the cause remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.